**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DJOHAN WIDJONO,<br><br>              Petitioner,<br><br>    v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>              Respondent. | No. 10-72192<br><br>Agency No. A095-629-803<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 19, 2013[**]

Before:    CANBY, TROTT, and THOMAS, Circuit Judges.

Djohan Widjono, a native and citizen of Indonesia, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his claim for withholding of removal.

We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the agency's factual findings, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), and review for an abuse of discretion the denial of a motion to remand, *Romero-Ruiz v. Mukasey*, 538 F.3d 1057, 1062 (9th Cir. 2008). We deny the petition for review.

This case returns to us after remand to the agency to consider Widjono's claims in light of our intervening decisions in *Wakkary* and *Halim v. Holder*, 590 F.3d 971 (9th Cir. 2009).

Substantial evidence supports the agency's determination that Widjono's incident on a bus and experiences during the 1998 riots in Indonesia did not rise to the level of persecution. *See Halim*, 590 F.3d at 975-76; *Wakkary*, 558 F.3d at 1059 ("[p]ersecution is an extreme concept that does not include every sort of treatment our society regards as offensive"). In addition, the record does not compel the finding that the attack and robbery Widjono experienced while riding his motorcycle constituted persecution on account of a protected ground. *See Gormley v. Ashcroft*, 364 F.3d 1172, 1177 (9th Cir. 2004). Substantial evidence also supports the agency's determination that, even under a disfavored group analysis, Widjono failed to establish a clear probability of future harm to qualify for withholding of removal. *See Wakkary*, 558 F.3d at 1066 ("An applicant for withholding of removal will need to adduce a considerably larger quantum of

individualized-risk evidence to prevail[.]"). We reject Widjono's contention that the agency's analysis was insufficient. Consequently, Widjono's withholding of removal claim fails.

Finally, the BIA did not abuse its discretion by declining to remand Widjono's case to the IJ. *See Romero-Ruiz*, 538 F.3d at 1062 ("The BIA abuses its discretion if its decision is arbitrary, irrational, or contrary to law.") (internal quotation marks and citation omitted).

**PETITION FOR REVIEW DENIED.**